HOLME ROBERTS & OWEN LLP
Scott R. Bialecki (*Pro Hac Vice*)
  scott.bialecki@hro.com
Roger R. Myers (*Pro Hac Vice*)
  roger.myers@hro.com
George M. Haley, #1302
  george.haley@hro.com
Blaine J. Benard, #5661
  blaine.benard@hro.com
Craig Buschmann, #10696
  craig.buschmann@hro.com
299 South Main Street, Suite 1800
Salt Lake City, UT 84111-2263
Telephone: (801) 521-5800
Facsimile: (801) 521-9639



Attorneys for Plaintiff GOOGLE INC.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC WEBWORKS, INC., a Nevada corporation, BLOOSKY INTERACTIVE, LLC, a Nevada limited liability company, and DOES 2-50,<br><br>Defendants. | **Case No. 2:09-cv-1068-BSJ**<br><br>**STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AGAINST DEFENDANT PACIFIC WEBWORKS, INC. ET AL.**<br><br>**Judge Bruce S. Jenkins** |

Plaintiff Google Inc. ("Plaintiff" or "Google") filed its Complaint in this action against

Defendant Pacific WebWorks, Inc. ("Pacific WebWorks") and Does 1-50 (collectively,

"Defendants"). The Court granted Google's *ex parte* application for leave to take immediate

discovery and, based in part on that discovery, Google has filed an Amended Complaint that,

among other things, identifies Bloosky Interactive, LLC as one of the Doe Defendants. Google

and Defendant Pacific WebWorks have now agreed to entry of this Stipulated Final Judgment ("Judgment") and Order for Permanent Injunction ("Order") by the Court to resolve all matters in dispute in this action solely against Pacific WebWorks, its officers, and the entities listed below along with those entities' respective officers, all of whom have been acting in concert or participation with Defendant Pacific WebWorks and have stipulated to entry of this Judgment and Order. Accordingly, Google, Pacific WebWorks and the individuals and entities listed below (collectively "the Parties") hereby stipulate and agree, and the Court, finding good cause to exist, hereby ORDERS, ADJUDGES AND DECREES, as follows:

1.      On December 7, 2009, Google filed its Complaint in this action in this Court. In its Complaint, Google alleged causes of action against Pacific WebWorks for willful trademark infringement of federally registered trademarks and service marks, federal unfair competition, false designation of origin and federal dilution by tarnishment in violation of the Lanham Act; violation of the Utah Unfair Competition Act and Utah Consumer Sales Practices Act; and trademark dilution, trademark infringement and unfair competition under Utah state law based on Pacific WebWorks's infringing use of Google's name and trademarks.

2.      This Court has jurisdiction over the subject matter of this case and the Parties to this action.

3.      Google owns several U.S. federal trademark registrations for the GOOGLE word mark, including U.S. Reg. Nos. 2,806,075; 2,884,502; 2,954,071; and 3,570,103. Google also owns a U.S. federal trademark registration for its GOOGLE logo, Reg. No. 3,140,793, as well as eight pending U.S. federal trademark applications and one U.S. federal trademark registration for

2

marks that include the word GOOGLE (Serial Nos. 77/082,272;77/764,401; 77/835,616;

77/831,323; 78/433,507; 78/698,285; 78/828,042; 78/941,798; and Reg. No. 3,725,612). In

addition, Google owns a U.S. federal trademark registration, U.S. Reg. No. 2,794,616, for the

mark ADWORDS in connection with "dissemination of advertising for others via the Internet."

All the foregoing marks are collectively referred to herein as "Google Marks."

      4.     The Parties agree that Plaintiff's GOOGLE trademark has become famous.

      5.     The permanent injunctive provisions of this Judgment and Order apply to

Defendant Pacific WebWorks, its owners and/or principals, including but not limited to,

Christian R. Larsen, Kenneth W. Bell, Robert Brett Bell and William Marc Bell, and to those

acting in active concert or participation with Pacific WebWorks who have stipulated to entry of

this Judgment and Order, including, but not limited to the spouses of its owners and/or

principals, Roberta L. (Robbi) Bell, Jennifer Larsen, Jillian Bell and Ashley A. Bell; the related

entities set up by the spouses, Series 5 Media, LLC, M5 Marketing, LLC, Bsquared Media LLC,

Ampersand Marketing, LLC, 50 First Marketing, LLC; and to Pacific WebWorks' other related

entities, Tradeworks Marketing, Inc, Intellipay, Inc., FundWorks, Inc., Pacific WebWorks

International, Ltd., First Pacific Processing, Ltd., World Commerce Network, LLC, and The

Quad Group, LLC and its related entities, Abando, LLC, Blogtube, LLC, Chattag, LLC,

Chatteropia, LLC, Edgeshots, LLC, Fourbridge, LLC, Jaxcat, LLC, Zooveo, LLC, and TQG

International, Ltd., as well as all their respective officers, agents, servants, employees, legal

representatives, successors-in-interest, parents, subsidiaries, heirs, assigns; and any other

persons, firms, corporations or related organizations acting by or under their authority, in active

3

concert or privity or in participation with any of the foregoing and who receive actual notice of this Judgment and Order by personal notice or otherwise (collectively, the "Enjoined Parties").

  6.  The Enjoined Parties are hereby **permanently** enjoined and restrained from directly or indirectly doing any of the following:

    A.  using the term GOOGLE or any of Plaintiff's Google Marks in any form whatsoever, including, but not limited to, marketing, selling, offering for sale, displaying, promoting, advertising, or reproducing any of Plaintiff's Google Marks, or any other mark/name which is phonetically or confusingly similar in any way to any of Plaintiff's Google Marks;

    B.  using in any manner any of Plaintiff's Google Marks in connection with the provision of business opportunities or Internet-related products and services;

    C.  using in any manner any of Plaintiff's Google Marks or any terms phonetically or confusingly similar thereto in connection with any business, company name or domain name;

    D.  making any false representation, or performing any act or thing likely to induce the mistaken belief, that Google has in any way approved or is affiliated with, connected to or associated with any of the Enjoined Parties or their products and services;

    E.  performing any act or thing likely to tarnish or dilute the distinctive quality of Plaintiff's Google Marks;

4

F.     registering or seeking to register with any foreign or domestic, state or federal agency, including, but not limited to, the United States Patent and Trademark Office ("USPTO"), any of Plaintiff's Google Marks as a trademark, company name or domain name, or any other mark, company name or domain name that contains any of Plaintiff's Google Marks or is phonetically or confusing similar (*e.g.*, G00gle); and

G.     challenging or assisting others in challenging, either directly or indirectly, the validity, ownership and/or enforceability of any of the Google Marks in any U.S. court (state or federal) or other tribunal in the world, including, but not limited to, the USPTO.

7.     Within ten (10) business days of entry of this Order by the Court, the Enjoined Parties shall transfer to their counsel, Daniel Jackson, any and all materials and/or advertising literature (whether in electronic or written form) that reference Plaintiff's Google Marks or any mark or term confusingly similar thereto (*e.g.*, G00gle) in any manner and are within the Enjoined Parties' possession, custody, or control, including, but not limited to, web pages, e-mails, or other types of advertising. The Enjoined Parties are hereby further permanently enjoined from: (a) using said materials and advertising literature in any commercial manner and (b) transferring said materials and advertising literature to any third party for commercial gain.

8.     Any violation of this Judgment and/or Order by any of the Enjoined Parties shall cause Google irreparable harm, entitling Google to an immediate injunction against the Enjoined Parties in violation of this Judgment and/or Order to cease all actions causing said violation.

5

9.      Google shall be awarded its reasonable attorneys' fees and all costs incurred in enforcing any provision set forth in this Judgment and/or Order.

10.     The Parties enter into this Judgment and Order freely and without coercion and acknowledge that they understand all of the provisions of this Order and are prepared to abide by them.

11.     Except as provided in Paragraph 9, each Party to this Judgment and Order shall bear its own costs and attorneys' fees incurred in this action.

12.     This Judgment and Order shall inure to the benefit of Google, its successors and assigns.

13.     Google's causes of action in its Complaint against Pacific WebWorks are hereby dismissed with prejudice as to Pacific WebWorks only.  Google's Complaint, as amended, remains in effect with regard to Defendants Bloosky Interactive LLC and Does 2-50.

14.     This Court shall retain jurisdiction over this matter for purposes of modification and enforcement of this Judgment and Order.

DATED this ___28___ day of May 2010.

BY THE COURT:

Bruce S. Jenkins
United States District Court

6

Accepted and agreed to this 24 day of May 2010.

BY: _____

**HOLME ROBERTS & OWEN LLP**
Scott R. Bialecki (*Pro Hac Vice)*
Roger R. Myers (*Pro Hac Vice)*
George M. Haley, #1302
Blaine J. Benard, #5661
Craig Buschmann, #10696

Attorneys for Plaintiff GOOGLE INC.

BY: _____

Daniel W. Jackson, #1633
Jeffery M. Lillywhite, #8920

Attorneys For Defendant PACIFIC
WEBWORKS, INC., and TRADEWORKS
MARKETING, INC., INTELLIPAY, INC.,
FUNDWORKS INC., PACIFIC WEBWORKS
INTERNATIONAL, LTD., FIRST PACIFIC
PROCESSING, LTD., THE QUAD GROUP,
LLC, WORLD COMMERCE NETWORK,
LLC, ABANDO, LLC, BLOGTUBE, LLC,
CHATTAG, LLC, CHATTEROPIA, LLC,
EDGESHOTS, LLC, FOURBRIDGE, LLC,
JAXCAT, LLC, ZOOVEO, LLC, TQG
INTERNATIONAL, LTD., SERIES 5 MEDIA,
LLC, M5 MARKETING, LLC, BSQUARED
MEDIA LLC, AMPERSAND MARKETING,
LLC, 50FIRST MARKETING, LLC,
CHRISTIAN R. LARSEN, KENNETH W.
BELL, ROBERT BRETT BELL, ROBERTA L.
(ROBBI) BELL, JENNIFER LARSEN,
JILLIAN BELL, WILLIAM MARC BELL and
ASHLEY A. BELL

#1473227 v1 den

By: _____
Title: DEPUTY GENERAL COUNSEL
GOOGLE INC.

By: _____
Title: President
PACIFIC WEBWORKS, INC.

By: _____
Title: President
TRADEWORKS MARKETING, INC.

By: _____
Title: President
INTELLIPAY, INC.

By: _____
Title: President
FUNDWORKS, LLC

By: _____
Title: Member
FIRST PACIFIC PROCESSING, LTD.

By: _____
Title: Member
WORLD COMMERCE NETWORK, LLC

By: _____
Title: Authorized Signature
THE QUAD GROUP, LLC

By: _____
CHRISTIAN R. LARSEN

BY: _____
KENNETH W. BELL

BY: _____
ROBERT BRETT BELL

BY: _____
ROBERTA L. (ROBBI) BELL

BY: _____
JENNIFER LARSEN

BY: _____
JILLIAN BELL

BY: _____
WILLIAM MARC BELL

BY: _____
ASHLEY A. BELL

8

#1473227 v1 den

By: _____
Title: _____
    GOOGLE INC.

By: _____
Title: _____
    PACIFIC WEBWORKS, INC.

By: _____
Title: _____
    TRADEWORKS MARKETING, INC.

By: _____
Title: _____
    FUNDWORKS, LLC

By: _____
Title: _____
    WORLD COMMERCE NETWORK, LLC

By: _____
    CHRISTIAN R. LARSEN

BY: _____
    ROBERT BRETT BELL

BY: _____
    JENNIFER LARSEN

BY: _____
    WILLIAM MARC BELL

By: _____
Title: _____
    INTELLIPAY, INC.

By: _____
Title: _____
    FIRST PACIFIC PROCESSING, LTD.

By: _____
Title: _____
    THE QUAD GROUP, LLC

BY: _____
    KENNETH W. BELL

BY: _____
    ROBERTA L. (ROBBI) BELL

BY: _____
    JILLIAN BELL

BY: _____
    ASHLEY A. BELL

8

By: _____
Title: _____
    PACIFIC WEBWORKS
    INTERNATIONAL

By: _____
Title: _____
    ABANDO, LLC

By: _____
Title: _____
    BLOGTUBE, LLC

By: _____
Title: _____
    CHATTAG, LLC

By: _____
Title: _____
    CHATTEROPIA, LLC

By: _____
Title: _____
    EDGESHOTS, LLC

By: _____
Title: _____
    FOURBRIDGE, LLC

By: _____
Title: _____
    JAXCAT, LLC

By: _____
Title: _____
    ZOOVEO, LLC

By: _____
Title: _____
    TOG INTERNATIONAL, LTD.

By: _____
Title: _____
    SERIES 5 MEDIA, LLC

By: _____
Title: _____
    M5 MARKETING, LLC

By: _____
Title: _____
    BSQUARED MEDIA LLC

By: _____
Title: _____
    AMPERSAND MARKETING, LLC

By: _____
Title: _____
    50FIRST MARKETING, LLC

9