HOLME ROBERTS & OWEN LLP
Scott R. Bialecki (*Pro Hac Vice*)
  scott.bialecki@hro.com
Roger R. Myers (*Pro Hac Vice*)
  roger.myers@hro.com
George M. Haley, #1302
  george.haley@hro.com
Blaine J. Benard, #5661
  blaine.benard@hro.com
Craig Buschmann, #10696
  craig.buschmann@hro.com
299 South Main Street, Suite 1800
Salt Lake City, UT 84111-2263
Telephone: (801) 521-5800
Facsimile: (801) 521-9639

Attorneys for Plaintiff GOOGLE INC.

IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC WEBWORKS, INC., a Nevada corporation, and DOES 1-50,<br><br>Defendants. | Case No. 2:09-cv-1068<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER**<br><br>Judge Bruce S. Jenkins |

## I.  PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably

necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

## II. INFORMATION SUBJECT TO THIS PROTECTIVE ORDER

Discovery materials produced in this case may only be labeled as either CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY pursuant to the conditions as set forth below. Materials so designated are identified collectively in this Protective Order as "Protected Information."

### A. Designation of Protected Information

1. Any document or tangible thing containing or including any Protected Information may be designated as such by the producing party by marking it "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" prior to or at the time copies are furnished to the receiving party.

2. All Protected Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 1, shall be designated by the producing party by informing the receiving party of the designation in writing.

3. Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute Protected Information and shall be subject to this Protective Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as Protected Information prior to furnishing copies to the receiving party.

### B. Information Designated as Confidential

4. For purposes of this Protective Order, "CONFIDENTIAL" information shall

mean information or material produced or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, believes in good faith constitutes confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which on this basis has been designated as CONFIDENTIAL by the producing party.

5. The following information is not CONFIDENTIAL information:

(a) Published advertising materials;

(b) Any information which is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Protective Order;

(c) Any information that the receiving party can show was already known to it prior to the disclosure;

(d) Any information which the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

(e) Any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's CONFIDENTIAL information.

6. Documents designated CONFIDENTIAL and information contained therein shall be available only to:

(a) Outside litigation counsel of record and supporting personnel employed in

the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, and legal clerks;

(b)     Technical advisers and their necessary support personnel, subject to the provisions of paragraphs 9-14 herein, and who have signed the form attached hereto as Attachment A;

(c)     The parties' in-house counsel with responsibility for managing this litigation and employees of a party who either have responsibility for making decisions dealing directly with the litigation in this action or who are assisting outside counsel in preparation for proceedings in this action;

(d)     The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court); and

(e)     Independent legal translators retained in connection with this action; independent stenographic reporters and videographers retained in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; and non-technical jury or trial consulting services not including mock jurors.

**C.     Information Designated as Confidential Outside Counsel Only**

7.     The CONFIDENTIAL OUTSIDE COUNSEL ONLY designation is reserved for extremely sensitive CONFIDENTIAL information whose disclosure to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Such information may include confidential information obtained from a non-party

4

pursuant to a current Nondisclosure Agreement ("NDA"), CONFIDENTIAL information relating to future products not yet commercially released, strategic plans and CONFIDENTIAL research and development, technical data/information, and financial information. Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY shall be treated as if designated CONFIDENTIAL OUTSIDE COUNSEL ONLY. In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

8. Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and information contained therein shall be available only to:

(a) Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, and legal clerks;

(b) Technical advisers and their necessary support personnel, subject to the provisions of paragraphs 9-14 herein, and who have signed the form attached hereto as Attachment A;

(c) The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court); and

(d) Independent legal translators, independent stenographic reporters and videographers retained in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; and non-technical jury or trial consulting services not including mock jurors.

### D.     Disclosure of Technical Advisers

9.     Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel. The term "technical adviser" shall mean an independent, outside expert witness or consultant with whom counsel may deem it necessary to consult and who complies with paragraph 11.

10.     No disclosure of Protected Information to a technical adviser or his or her necessary support personnel shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the producing party; and to the extent there has been an objection under paragraph 12, that objection is resolved as discussed below.

11.     A party desiring to disclose Protected Information to a technical adviser shall also give prior written notice by email to the producing party, who shall have ten (10) business days after such notice is given to object in writing. The party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser: name, address, curriculum vitae, current employer, employment history for the past four (4) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

12.     A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection. The objecting party's consent to the disclosure

of Protected Information to a technical adviser shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the technical adviser will result in specific business or economic harm to that party.

13. If after consideration of the objection, the party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within ten (10) business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the ten (10) business day period shall operate as an approval of disclosure of the Protected Information to the technical adviser. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

14. The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser. This "good cause" shall include a particularized showing that: (1) the Protected Information is confidential commercial information, (2) disclosure of the Protected Information would result in a clearly defined and serious injury to the objecting party's business, and (3) the proposed technical advisor is in a position to allow the Protected Information to be disclosed to the objecting party's competitors.

E. **Challenges to Confidentiality Designations**

15. The parties shall use reasonable care when designating documents or information as Protected Information, and shall use heightened care when designating documents or

information as CONFIDENTIAL OUTSIDE COUNSEL ONLY. Nothing in this Protective Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

16. A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

17. Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Protective Order.

F. **Limitations on the Use of Protected Information**

18. All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

19. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge, and to the extent reasonably necessary to establish whether such person has prior knowledge provided the examining party has a reasonable basis for believing in good faith that the witness has such prior knowledge. Without in any way limiting the generality of the foregoing:

>   (a) A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party and which identifies on its face the present director, officer, and/or employee as an author or recipient;

>   (b) A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Information of which he or she has prior knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment;

>   (c) A present director, officer, and/or employee of a producing party designated by the producing party to testify on the producing party's behalf pursuant to FRCP 30(b)(6) may be examined and may testify concerning all Protected Information which has been produced by that party that relates to the deposition topic for which he or she has been designated, although the witness may not have personal knowledge of the information; and

(d) Non-parties may be examined or testify concerning any document containing Protected Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Protective Order to receive such information, then prior to the examination, the producing party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Protective Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

20. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

#267673 v2 slc

21. ~~Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. Except to outside counsel of record, no material or copies thereof so filed shall be released except by order of the Court or as otherwise provided for hereunder.~~

22. Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

23. At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" by the reporter if the testimony relates or refers to Protected Information.

#267673 v2 slc

This request may be made orally during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript. Such request shall be limited to only those portions of the transcript that relate or refer to Protected Information. Deposition transcripts shall be treated as CONFIDENTIAL OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Protective Order.

### G.     Nonparty Use of This Protective Order

24.    A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

25.    A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

### H.     No Waiver of Privilege

26.    Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any party that inadvertently produces materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for

the inadvertently produced materials. The recipient(s) shall gather and return all copies of the privileged material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

### I.   Miscellaneous Provisions

27.   Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

28.   Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more category of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the producing party shall promptly notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

29. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. All Protected Information not embodied in physical objects and documents shall remain subject to this Protective Order. In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only. If a party opts to destroy CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information, the party must provide a Certificate of Destruction to the producing party.

30. If at any time documents containing Protected Information are subpoenaed by any

#267673 v2 slc

court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

31. Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, notes or outlines for draft reports are also exempt from production and discovery.

32. Documents produced in this case with a designation of "HIGHLY CONFIDENTIAL" shall be treated as if such documents were designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY under this Protective Order.

33. This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Protective Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Protective Order may enter a written agreement releasing any other party hereto from one or more requirements of this Protective Order even if the conduct subject to the release would otherwise violate the terms herein.

34. The United States District Court for the District of Utah is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the

provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Utah.

SO ORDERED this __28__ day of ~~April~~ May, 2010.

Bruce S. Jenkins
United States District Court Judge

Approved as to form
and substance.

| /s/ Craig Buschmann | /s/ Jeffery M. Lillywhite |
| George M. Haley | Jeffery M. Lillywhite |
| Craig Buschmann | 955 East 12400 South |
| HOLME ROBERTS & OWEN, LLP | Suite A |
| 299 South Main Street, Suite 1800 | Draper, UT 84020 |
| Salt Lake City, Utah 84101 | |
| | |
| *Attorneys for Google Inc.* | *Attorney for Pacific WebWorks, Inc.* |
| | |
| Date April 1, 2010 | Date April 1, 2010 |

#267673 v2 slc

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2010, I caused a true and correct copy of the **[PROPOSED] PROTECTIVE ORDER** to be served via :

| | |
|---|---|
| Jeffery M. Lillywhite<br>955 East 12400 South<br>Suite A<br>Draper, UT 84020 | ____ U.S. Mail, postage prepaid<br>____ Hand Delivery<br>____ Facsimile<br>____ Overnight courier<br>_X_ E-Mail and/or CM/ECF |
| Daniel W. Jackson<br>2157 Lincoln Street<br>Salt Lake City, Utah  84106 | ____ U.S. Mail, postage prepaid<br>____ Hand Delivery<br>____ Facsimile<br>____ Overnight courier<br>_X_ E-Mail and/or CM/ECF |

By: /s/ Sherice L. Atterton