Blair R. Jackson  (10170)
CHRISTIANSEN & JACKSON, P.C.
10421 S. Jordan Gateway, Suite 600
South Jordan, Utah 84095
Telephone:  (801) 576-2662
Facsimile:  (801) 415-9340

KENNETH C. WHITE, (*Admitted Pro Hac Vice*)
9 Pasteur, Suite 100
Irvine, CA  92618
Telephone:  (888) 203-2433
Facsimile:  (888) 465-7166

*Attorneys for Defendant and Third-Party Plaintiff, Bloosky Interactive, LLC*

---

## UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GOOGLE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC WEBWORKS, INC., a Nevada corporation, BLOOSKY INTERACTIVE, LLC, a Nevada limited liability company, and DOES 2-50,<br><br>Defendants. | **DEFENDANT AND THIRD-PARTY PLAINTIFF BLOOSKY INTERACTIVE'S THIRD-PARTY CLAIM**<br><br>CASE NO. 2:09-CV-1068-BSJ<br>Judge: Bruce S. Jenkins<br><br>**JURY TRIAL DEMANDED** |
| BLOOSKY INTERACTIVE, LLC, a California limited liability company,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>PACIFIC WEBWORKS, INC., a Nevada corporation; VIABLE MARKETING CORP. d/b/a VIEW MARKETING, a Florida | |

1

| | |
|---|---|
| corporation; WEALTH TOOLS INTERNATIONAL, LLC, a Utah limited liability company; VIRGIN OFFERS MEDIA INTERNATIONAL, LLC, a Utah limited liability company; IWORKS, INC., a Utah corporation; CPA UPSELL, INC., a California corporation; and ROES 1-100,<br><br>Third-Party Defendants | |

Bloosky Interactive, LLC ("Bloosky"), hereby complains in this action against Pacific WebWorks, Inc. ("PWW"), Viable Marketing Corp d/b/a View Marketing ("Viable"), Wealth Tools International, LLC ("WTI"), Virgin Offers Media International, LLC ("Virgin"), IWorks, Inc. ("IWorks"), CPA Upsell, Inc. ("CPA") and Alternative Funding ("Alt Funding") (collectively, the "Third-Party Defendants") Bloosky alleges as follows:

### THIRD-PARTY PLAINTIFF

1. Bloosky is a California limited liability company with its principal place of business at 9 Pasteur, Suite 100, Irvine, California. Bloosky operates an online advertising network that, inter alia, makes available the marketing materials of third-party advertisers on its network, so that third-party publishers can distribute the third-party advertisers' marketing materials to individual consumers.

### THIRD-PARTY DEFENDANTS

2. Upon information and belief, PWW is a Nevada corporation, with its principal place of business at 230 West 400 South, 1st Floor, Salt Lake City, Utah. PWW sells products to individual consumers and provides marketing materials to online advertising networks and third-party publishers so that third-party publishers can distribute those marketing materials to individual consumers

2

3.    Upon information and belief, Viable is a Florida corporation, with its principal place of business at 13799 Park Boulevard North, Suite 330, Seminole, Florida  Viable sells products to individual consumers and provides marketing materials to online advertising networks and third-party publishers so that third-party publishers can distribute those marketing materials to individual consumers

4    Upon information and belief, WII is a Utah limited liability company, with its principal place of business at 5255 West 11000 North, Suite 225, Highland, Utah  WII sells products to individual consumers and provides marketing materials to online advertising networks and third-party publishers so that third-party publishers can distribute those marketing materials to individual consumers.

5.    Upon information and belief, Virgin is a Utah limited liability company, with its principal place of business at 3214 North University Avenue, Suite 615, Provo, Utah  Virgin sells products to individual consumers and provides marketing materials to online advertising networks and third-party publishers so that third-party publishers can distribute those marketing materials to individual consumers

6    Upon information and belief, IWorks is a Utah corporation, with its principal place of business at 249 East Tabernacle Street, Suite 200, Saint George, Utah  IWorks sells products to individual consumers, processes credit cards, and provides corresponding marketing materials to online advertising networks and third-party publishers so that third-party publishers can distribute such materials to individual consumers

7.    Upon information and belief, CPA is a California corporation, with its principal place of business at 100 Wilshire, Suite 1280, Santa Monica, California  CPA sells products to individual consumers, processes credit cards, and provides corresponding marketing materials to

online advertising networks and third-party publishers so that third-party publishers can distribute such materials to individual consumers.

## JURISDICTION AND VENUE

8. This Court has supplemental jurisdiction over Bloosky's claims for breach of contract, indemnification, and contribution pursuant to 28 U.S.C. § 1367 because Bloosky's claims are related to the underlying claims in this action and form part of the same case or controversy under Article III of the United States Constitution, and Bloosky's claims do not raise a novel or complex issue of state law, substantially predominate over the claim or claims over which the Court has original jurisdiction, or present any exceptional circumstances or compelling reasons to decline jurisdiction over these claims.

9. This Court has personal jurisdiction over the Third-Party Defendants because the Third-Party Defendants do business in this jurisdiction and have introduced their products and marketing materials into the stream of commerce knowing that such products and marketing materials would be disseminated, sold and used in this jurisdiction, and have committed acts that give rise to Bloosky's claims in this jurisdiction

10. Venue is proper under 28 U.S.C. § 1391.

## AFFILIATE ADVERTISING NETWORKS

11. Affiliate advertising networks, such as Bloosky, operate online advertising networks that make available the marketing materials of third-party advertisers on their network, so that third-party publishers can distribute the third-party advertisers' marketing materials to individual consumers.

12. Third-party advertisers, such as the Third-Party Defendants, sell products to individual consumers and create and provide corresponding marketing materials, including

4

advertisements and landing pages, to online advertising networks so that third-party publishers can distribute such materials to individual consumers. Although Google, Inc. ("Google") incorrectly alleges that Bloosky processes payments, it is actually third-party advertisers that process payments and distribute their products directly to the consumers.

13    Third-party publishers distribute third-party advertisers' materials to individual consumers, by way of email, webpage banner/display advertisements, and internet search engines, and receive payment for each sale made by the third-party advertiser.

### THIRD-PARTY DEFENDANTS' AGREEMENTS WITH BLOOSKY
### (Pacific WebWorks)

14.    Beginning on or about September 2, 2008, PWW requested that Bloosky's third-party publishers provide it with email, search, and display traffic for its marketing campaign, which forms the basis of Google's claims, by signing Bloosky's Master Advertising Agreement (the "PWW Master Agreement") and Insertion Order, which included attached terms and conditions (the "PWW T&C's"). On November 19, 2009, Bloosky and PWW entered into a Settlement Agreement, as a result of a separate civil action. (the PWW Master Agreement, Insertion Order, PWW T&C's and Settlement Agreement are collectively referred to as the "PWW Agreements"). Copies of the PWW Agreements are attached hereto as Exhibit A.

15    Pursuant to Section 9 of the PWW Master Agreement, PWW agreed that:

> "Advertiser and Company shall indemnify, defend and hold harmless Company and or Advertiser and its officers, agents, affiliates and employees from and against all claims, actions, liabilities, losses, expenses, damages, and costs (including, without limitation, reasonable attorney's fees) that may at any time be incurred by any of them arising from or related to any claims,

5

suits, or proceedings (a) alleging ... trademark infringement or other infringement of any third party right, fraud, false advertising, misrepresentation ... or violation of any law, statute, ordinance, rule or regulation throughout the world arising from or relating to the Advertisement ... ; (b) arising out of any breach by Company of any duty, representation or warranty under this agreement ... "

16. Section 5 of the PWW T&C's required PWW to comply with all applicable statutes, rules, and regulations, including, but not limited to, laws regulating deceptive trade practices and advertising.

17. Pursuant to Section 5 of the PWW T&C's, PWW agreed that:

"Advertiser is solely responsible for any legal liability arising out of or relating to (i) the Advertisement, and/or (ii) any material to which a User can link through the Advertisement, to the extent that such Advertisement has not been altered or modified in material way by Company without Advertiser's direction or approval. Advertiser agrees to indemnify and hold Bloosky and its members, officers, directors, employees and agents (collectively, the "Indemnitees") harmless from and defend each such Indemnitee against any damages, liabilities, losses, taxes, fines, penalties, costs, and expenses (including, without limitation, reasonable fees of counsel and related costs) of any kind or nature whatsoever (whether or not arising out of third-party claims and including all amounts paid in investigation, defense or settlement of the foregoing), as the same are or may be incurred, which may be sustained or suffered by any Indemnitee in connection with any present or future

6

threatened, pending or contemplated investigation, claim, action, suit or proceeding, whether civil, criminal, administrative or investigative, to which any such Indemnitee is or was a party or is threatened to be made a party, and that arises from or is related to this IO or Advertiser's advertisement."

18. Pursuant to Section 11 of the Settlement Agreement, PWW agreed that:

"In addition to the indemnification provided in the Advertising Agreement and the Related Agreements, both parties will, at their expense, indemnify, defend and hold harmless the other party and their respective parent, subsidiaries, affiliates, officers, directors, members, shareholders, employees, contractors, representatives, agents, successors and assigns from and against any and all losses, liabilities, damages, and claims, and all costs and expenses relating to such losses, liabilities, damages, and claims by a third party (including, without limitation, costs and/or expenses of investigation, litigation or other dispute resolution proceedings, settlement, judgment, and interest and reasonable attorneys' fees and paralegals' fees [whether or not suit is instituted and, if instituted, at the trial or appellate court levels, in a probate, administrative, bankruptcy or other proceeding, or otherwise] directly arising out of or relating to a material breach of this Agreement, the Advertising Agreement, and/or the Related Agreements."

19. Pursuant to the terms of the PWW Agreements, PWW's marketing materials were made available on Bloosky's advertising network so that third-party publishers could distribute those marketing materials to individual consumers.

20. Bloosky has complied with the PWW Agreements and Settlement Agreement and performed its obligations under the PWW Agreements and Settlement Agreement.

### (Viable Marketing d/b/a View Marketing)

21. Beginning on or about July 9, 2009, Viable requested that Bloosky's third-party publishers provide it with email, search, and display traffic for its marketing campaign, which forms the basis of Google's claims, by signing Bloosky's Insertion Order, which included attached terms and conditions (the "Viable T&C's") (collectively, the "Viable Agreements") Copies of the Viable Agreements are attached hereto as Exhibit B.

22. Section 5 of the Viable T&C's required Viable to comply with all applicable statutes, rules, and regulations, including, but not limited to, laws regulating deceptive trade practices and advertising

23. Pursuant to Section 5 of the Viable T&C's, Viable agreed that:

> "Both Parties agree to indemnify and hold each other and their respective members, officers, directors, employees and agents (collectively, the "Indemnitees") harmless from and defend each such Indemnitee against any damages, liabilities, losses, taxes, fines, penalties, costs, and expenses (including reasonable attorneys' fees and costs) of any kind or nature whatsoever as the same are or may be incurred to a third party, which may be sustained or suffered by any Indemnitee in connection with any present or future threatened, pending or contemplated investigation, claim, action, suit or proceeding, whether civil, criminal, administrative or investigative, to which any such Indemnitee is or was a party or is threatened to be made a party, and that arises from or is related to a material breach of this IO."

8

24. Pursuant to the terms of the Viable Agreements, Viable's marketing materials were made available on Bloosky's affiliate advertising network so that third-party publishers could distribute those marketing materials to individual consumers

25. Bloosky has complied with the Viable Agreements and performed its obligations under the Viable Agreements

### (Wealth Tools International)

26 Beginning on or about July 21, 2009, WTI requested that Bloosky's third-party publishers provide it with email, search, and display traffic for two versions of its marketing campaign, which forms the basis of Google's claims, by signing Bloosky's Insertion Orders, which included attached terms and conditions (the "WTI T&C's"). Additionally, WTI had previously signed a Master Advertising Agreement (the "WTI Master Agreement") with Bloosky on October 22, 2007. (The WTI Master Agreement, Insertion Orders and WTI T&C's are collectively referred to as the "WTI Agreements"). Copies of the WTI Agreements are attached hereto as Exhibit D.

27 Section 5 of the WTI T&C's required WTI to comply with all applicable statutes, rules, and regulations, including, but not limited to, laws regulating deceptive trade practices and advertising.

28 Pursuant to Section 9 of the WTI Master Agreement, WTI agreed that:

> "Advertiser is solely responsible for any legal liability arising out of or relating to (i) the Advertisement, and/or (ii) any material to which a User can link through the Advertisement, to the extent that such Advertisement has not been altered or modified in material way by Company without Advertiser's direction or approval. Advertiser agrees to indemnify and hold Bloosky and

9

its members, officers, directors, employees and agents (collectively, the "Indemnitees") harmless from and defend each such Indemnitee against any damages, liabilities, losses, taxes, fines, penalties, costs, and expenses (including, without limitation, reasonable fees of counsel and related costs) of any kind or nature whatsoever (whether or not arising out of third-party claims and including all amounts paid in investigation, defense or settlement of the foregoing), as the same are or may be incurred, which may be sustained or suffered by any Indemnitee in connection with any present or future threatened, pending or contemplated investigation, claim, action, suit or proceeding, whether civil, criminal, administrative or investigative, to which any such Indemnitee is or was a party or is threatened to be made a party, and that arises from or is related to this IO or Advertiser's advertisement."

29      Pursuant to Section 5 of the WII T&C's, WII agreed that:

"Both Parties agree to indemnify and hold each other and their respective members, officers, directors, employees and agents (collectively, the "Indemnitees") harmless from and defend each such Indemnitee against any damages, liabilities, losses, taxes, fines, penalties, costs, and expenses (including reasonable attorneys' fees and costs) of any kind or nature whatsoever as the same are or may be incurred to a third party, which may be sustained or suffered by any Indemnitee in connection with any present or future threatened, pending or contemplated investigation, claim, action, suit or proceeding, whether civil, criminal, administrative or investigative, to which

10

any such Indemnitee is or was a party or is threatened to be made a party, and that arises from or is related to a material breach of this IO "

30.     Pursuant to the terms of the WII Agreements, WII's marketing materials were made available on Bloosky's affiliate advertising network so that third-party publishers could distribute those marketing materials to individual consumers.

31     Bloosky has complied with the WII Agreements and performed its obligations under the WII Agreements.

### (Virgin Offers Media International)

32.     Beginning on or about August 20, 2009, Virgin requested that Bloosky's third-party publishers provide it with email and search traffic for its marketing campaign, which forms the basis of Google's claims, by signing Bloosky's Insertion Order, which included attached terms and conditions (the "Virgin T&C's") (collectively, the "Virgin Agreements"). Copies of the Virgin Agreements are attached hereto as Exhibit F.

33.     Section 5 of the Virgin T&C's required Virgin to comply with all applicable statutes, rules, and regulations, including, but not limited to, laws regulating deceptive trade practices and advertising.

34.     Pursuant to Section 5 of the Virgin T&C's, Virgin agreed that:

"Both Parties agree to indemnify and hold each other and their respective members, officers, directors, employees and agents (collectively, the "Indemnitees") harmless from and defend each such Indemnitee against any damages, liabilities, losses, taxes, fines, penalties, costs, and expenses (including reasonable attorneys' fees and costs) of any kind or nature whatsoever as the same are or may be incurred to a third party, which may be

11

sustained or suffered by any Indemnitee in connection with any present or future threatened, pending or contemplated investigation, claim, action, suit or proceeding, whether civil, criminal, administrative or investigative, to which any such Indemnitee is or was a party or is threatened to be made a party, and that arises from or is related to a material breach of this IO."

35    Pursuant to the terms of the Virgin Agreements, Virgin's marketing materials were made available on Bloosky's affiliate advertising network so that third-party publishers could distribute those marketing materials to individual consumers.

36.    Bloosky has complied with the Virgin Agreements and performed its obligations under the Virgin Agreements.

37.    The PWW Agreements, Viable Agreements and Virgin Agreements are collectively referred to as the "Agreements".

## GOOGLE'S CLAIMS WERE ORIGINALLY BROUGHT AGAINST PWW AND BLOOSKY'S INDEMNIFICATION, CONTRIBUTION AND BREACH OF CONTRACT CLAIMS FOCUS ON THE THIRD-PARTY DEFENDANTS

38.    Google alleges that it is the owner of several U.S. federal trademark registrations for the GOOGLE word mark, including Reg. Nos. 2,806,075; 2,884,502; 2,954,071; and 3,570,103, and a U.S. federal trademark registration for its GOOGLE logo, Reg No 3,140,793. Google also alleges that it owns eight pending U.S federal trademark applications and one U.S. federal trademark registration for marks that include the word GOOGLE (Serial Nos. 77/082,272, 77/764,401, 77/835,616, 77/831,323, 78/433,507, 78/698,285, 78/828,042, 78/941,798, and Reg. No. 3,725,612). (collectively, the "Marks").

12

39.     On or about December 7, 2009, Google filed the instant civil action against PWW alleging Federal trademark infringement, Federal unfair competition and false designation of origin, Federal trademark dilution, violation of the Anti-Cybersquatting Consumer Protection Act, violation of the Utah Unfair Competition Act, violation of the Utah Consumer Sales Practices Act, state trademark dilution, and common law trademark infringement and unfair competition.

40.     Google's claims were directed at the acts performed by the Third-Party Defendants, and the products and marketing materials the Third-Party Defendants created, designed, manufactured, tested and/or sold.  Google's allegations specifically focus on the "Google Adwork, Google ATM, Google Biz Kit, Google Cash, Earn Google Cash Kit, Google Fortune, Google Marketing Kit, Google Profits, The Home Business Kit for Google, Google StartUp Kit, and Google Works" marketing materials, which were created, designed, manufactured, tested and/or sold by the Third-Party Defendants, and were made available on Bloosky's affiliate advertising network so that third-party publishers could distribute such marketing materials to individual consumers.

41.     On or about May 18, 2010, Google filed its Amended Complaint, adding Bloosky as a defendant in the instant action.

42.     On or about May 24, 2010, Google and PWW jointly filed a Motion for Entry of Stipulated Judgment against PWW.  The Order granting Google's Motion for Entry of Stipulated Judgment was filed on June 2, 2010.  The Order, inter alia, permanently enjoins PWW, and all related entities, from infringing upon Google's Marks and dismissed PWW from the instant action.

13

43.     Google's Complaint, Amended Complaint, and the terms of the Stipulated Judgment unequivocally demonstrate that PWW's actions, products, and marketing materials are the source of any alleged infringement in this action.

44.     Bloosky's indemnification, contribution, and breach of contract claims against the Third-Party Defendants focus on the Third-Party Defendants' activities and the agreements between Bloosky and the Third-Party Defendants as set forth below.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT
## (AGAINST PWW, VIABLE, WTI AND VIRGIN)

45.     Bloosky repeats and re-alleges the allegations of Paragraphs 1 through 44 as if fully set forth herein.

46.     Bloosky's third-party publishers provided PWW and WTI with email, search, and/or display traffic pursuant to PWW and WTI's respective Master Agreements. In their respective Master Agreements, PWW and WTI represented and warranted that their advertisements would comply with all applicable governmental laws and regulations.

47.     Bloosky's third-party publishers provided PWW, Viable, WTI and Virgin with email, search, and/or display traffic pursuant to their respective T&C's. In their respective T&C's, PWW, Viable, WTI, and Virgin represented and warranted that they would comply with all applicable statutes, rules, and regulations.

48     Google alleges that the Third-Party Defendants' marketing materials infringed on Google's trademarks and other intellectual property rights, and failed to disclose that consumers who purchased the Third-Party Defendants' products would be charged between $50.00 and $79.90 per month, in addition to the advertised amount of $1.97 to $2.95

14

49. This alleged conduct by PWW and WTI constitutes a breach of their respective Master Agreements.

50. This alleged conduct by PWW, Viable, WTI, and Virgin constitutes a breach of their respective T&C's.

51. As a result of PWW and WTI's breach of breach of their respective Master Agreements, and PWW, Viable, WTI and Virgin's breach of their respective T&C's, Bloosky is entitled to damages and attorneys' fees as set forth below in the Prayer for Relief.

### SECOND CAUSE OF ACTION – CONTRACTUAL INDEMNIFICATION (AGAINST PWW, VIABLE, WTI AND VIRGIN)

52. Bloosky repeats and re-alleges the allegations of Paragraphs 1 through 51 as if fully set forth herein.

53. Bloosky's third-party publishers provided PWW and WTI with email, search, and display traffic pursuant to PWW and WTI's respective Master Agreements. In their respective Master Agreements, PWW and WTI agreed to indemnify Bloosky from, inter alia, trademark infringement claims and violations of any law, which would include all claims asserted by Google.

54. Bloosky provided access to its network to PWW, Viable, WTI, and Virgin pursuant to their respective T&C's. In their respective T&C's, PWW, Viable, WTI, and Virgin each individually agreed to defend, indemnify, and hold harmless Bloosky against all damages, liabilities, losses, taxes, fines, penalties, costs, and expenses, including attorneys' fees, arising out of or in connection with any claim or action related to PWW, Viable, WTI, and Virgin's marketing materials, which would include all claims asserted by Google.

55    Bloosky and PWW entered into a Settlement Agreement, as a result of a separate action, wherein PWW agreed to indemnify Bloosky against any claims by a third party arising out of or in connection with any material breach of the PWW Master Agreement, which would include all claims asserted by Google.

56    The Third-Party Defendants' alleged infringement of Google's Marks, is the basis of Google's claims against Bloosky, and has caused Bloosky to incur costs and suffer damages.

57.   To the extent that Bloosky may be found liable for any cause of action as alleged in Google's Amended Complaint, Bloosky is entitled to indemnity from PWW, Viable, WTI, and Virgin for all costs, fees, expenses, settlements and judgments paid by and incurred by Bloosky in connection with this litigation as set forth below in the Prayer for Relief.

### THIRD CAUSE OF ACTION – EQUITABLE INDEMNIFICATION
### (AGAINST ALL THIRD-PARTY DEFENDANTS)

58    Bloosky repeats and re-alleges the allegations of Paragraphs 1 through 57 as if fully set forth herein.

59.   Bloosky alleges that it is in no way legally responsible for the events giving rise to Google's action and is not legally responsible in any manner for the damages allegedly sustained by Google.

60.   But for the Third-Party Defendants' alleged infringement of Google's Marks, Google would have no claim against Bloosky and would not have suffered any of its alleged damages as claimed in the Amended Complaint.

61.   Bloosky is informed and believes and, based upon such information and belief, alleges that the Third-Party Defendants were negligent, misrepresented certain facts, breached fiduciary duties, and/or breached contracts with Bloosky.

16

62.     Bloosky alleges that the above acts of the Third-Party Defendants were the proximate cause of any alleged damages and/or losses to Google.

63.     Bloosky alleges that the Third-Party Defendants are responsible and liable for any such alleged damages and/or losses to Google, in direct proportion to the extent of their negligence, misrepresentation and breach.

64.     To the extent that Bloosky may be found liable for any cause of action as alleged in Google's Amended Complaint, Bloosky is entitled to indemnity from the Third-Party Defendants for all costs, fees, expenses, settlements, and judgments paid by and incurred by Bloosky in connection with this litigation as set forth below in the Prayer for Relief.

## FOURTH CAUSE OF ACTION – CONTRIBUTION
### (COUNT ONE: AGAINST PWW, WTI AND VIRGIN)

65.     Bloosky repeats and re-alleges the allegations of Paragraphs 1 through 64 as if fully set forth herein.

66.     Bloosky's third-party publishers provided PWW, WTI and Virgin with email, search, and/or display traffic pursuant to the Agreements. Google's claims were directed at the acts performed by the Third-Party Defendants, and the Third-Party Defendants allegedly infringing marketing materials, which were made available on Bloosky's affiliate advertising network by the Third-Party Defendants so that third-party publishers could distribute those marketing materials to individual consumers.

67.     But for PWW, WTI, and Virgin's alleged infringement of Google's Marks, Google would have no claim against Bloosky and would not have suffered any of its alleged damages as claimed in the Amended Complaint.

68.   PWW, WTI, and Virgin are, therefore, responsible for at least some, if not all, of any liability that Bloosky may incur as a result of Google's allegations, and are required to contribute to any award entered against Bloosky, entitling Bloosky to relief as set forth below in the Prayer for Relief.

### (COUNT TWO: AGAINST VIABLE, IWORKS AND CPA)

69.   Bloosky repeats and re-alleges the allegations of Paragraphs 1 through 68 as if fully set forth herein.

70   Google alleges that Bloosky failed to disclose that consumers who purchased the Third-Party Defendants' products would be charged between $50.00 and $79.90 per month, in addition to the advertised amount of $1.97 to $2.95.

71.   Bloosky is informed and believes and, based upon such information and belief, alleges that IWorks and CPA are owned by the same individuals that own Viable, and are the alter-egos of one another.

72.   Bloosky is informed and believes and, based upon such information and belief, alleges that hidden in the terms of Viable's marketing materials was a negative option for IWorks and/or CPA's products and/or services.

73.   Bloosky is informed and believes and, based upon such information and belief, alleges that individual consumers were charged for both the Viable product and the IWorks and/or CPA product, as well as other third-party companies' products, upon purchasing Viable's product.

74.   Bloosky is informed and believes and, based upon such information and belief, alleges that IWorks, CPA and Viable intentionally acted in concert in engaging in wrongful conduct with regard to individual consumers.

18

75.     Bloosky is informed and believes and, based upon such information and belief, alleges that IWorks acted together with and/or provided substantial assistance to Virgin in designing, manufacturing, testing and/or selling the allegedly infringing marketing materials, which were made available on Bloosky's affiliate advertising network so that third-party publishers could distribute those marketing materials to individual consumers.

76.     But for Viable, CPA and IWorks' wrongful conduct and alleged infringement of Google's Marks, and IWorks' encouragement of the alleged infringement of Google's Marks by Virgin and assistance in the preparation of the allegedly infringing marketing materials, Google would have no claim against Bloosky and would not have suffered any of its alleged damages as claimed in the Amended Complaint.

77.     Viable, CPA and IWorks are, therefore, responsible for at least some, if not all, of any liability that Bloosky may incur as a result of Google's allegations, and is required to contribute to any award entered against Bloosky, entitling Bloosky to relief as set forth below in the Prayer for Relief.

### PRAYER FOR RELIEF

WHEREFORE, Bloosky respectfully requests that this Court order judgment in its favor on each and every claim set forth above, and award it relief including, but not limited to, the following:

a.      A judgment that Pacific WebWorks, Inc., is liable to Bloosky for indemnification of any judgment against Bloosky by Google, including, but not limited to, any enhanced damages, costs, or attorneys fees;

19

b.       A judgment that Pacific WebWorks, Inc., is liable to Bloosky for contribution of any judgment against Bloosky by Google, including, but not limited to, any enhanced damages, costs, or attorneys fees;

c.       A judgment that Viable Marketing Corp d/b/a View Marketing is liable to Bloosky for indemnification of any judgment against Bloosky by Google, including, but not limited to, any enhanced damages, costs, or attorneys fees;

d.       A judgment that Viable Marketing Corp d/b/a View Marketing is liable to Bloosky for contribution of any judgment against Bloosky by Google, including, but not limited to, any enhanced damages, costs, or attorneys fees;

e.       A judgment that Wealth Tools International, LLC, is liable to Bloosky for indemnification of any judgment against Bloosky by Google, including, but not limited to, any enhanced damages, costs, or attorneys fees;

f.       A judgment that Wealth Tools International, LLC, is liable to Bloosky for contribution of any judgment against Bloosky by Google, including, but not limited to, any enhanced damages, costs, or attorneys fees;

g.       A judgment that Virgin Offers Media International, LLC, is liable to Bloosky for indemnification of any judgment against Bloosky by Google, including, but not limited to, any enhanced damages, costs, or attorneys fees;

h.       A judgment that Virgin Offers Media International, LLC, is liable to Bloosky for contribution of any judgment against Bloosky by Google,

20

including, but not limited to, any enhanced damages, costs, or attorneys fees;

i        A judgment that IWorks, Inc., is liable to Bloosky for indemnification of any judgment against Bloosky by Google, including, but not limited to, any enhanced damages, costs, or attorneys fees;

j        A judgment that IWorks, Inc., is liable to Bloosky for contribution of any judgment against Bloosky by Google, including, but not limited to, any enhanced damages, costs, or attorneys fees;

k        A judgment that CPA Upsell, Inc., is liable to Bloosky for indemnification of any judgment against Bloosky by Google, including, but not limited to, any enhanced damages, costs, or attorneys fees;

l        A judgment that CPA Upsell, Inc., is liable to Bloosky for contribution of any judgment against Bloosky by Google, including, but not limited to, any enhanced damages, costs, or attorneys fees;

m        Specific performance;

n        Damages in an amount to be determined at trial;

o        Pre-judgment and post-judgment interest at the statutory rate;

p        Costs and attorneys fees to the full extent available at law and/or by contract; and

q        Such other and further relief as the Court or a jury may deem proper and/or just.

DEFENDANT AND THIRD-PARTY PLAINTIFF BLOOSKY INTERACTIVE'S THIRD-PARTY CLAIM

DEMAND FOR JURY TRIAL

Bloosky demands a trial by jury on all issues so triable.

DATED: July 16, 2010

By /s Blair R. Jackson /s
CHRISTIANSEN & JACKSON, PC
10421 S  Jordan Gateway, Suite 600
South Jordan, Utah 84095
Attorney for Defendant and Third-Party Plaintiff,
Bloosky Interactive, LLC