HOLME ROBERTS & OWEN LLP
Roger R. Myers (*Pro Hac Vice*)
 roger.myers@hro.com
Scott R. Bialecki (*Pro Hac Vice*)
 scott.bialecki@hro.com
George M. Haley, #1302
 george.haley@hro.com
Blaine J. Benard, #5661
 blaine.benard@hro.com
Craig Buschmann, #10696
 craig.buschmann@hro.com
299 South Main Street, Suite 1800
Salt Lake City, UT 84111-2263
Telephone: (801) 521-5800
Facsimile: (801) 521-9639

Attorneys for Plaintiff GOOGLE INC.

FILED
U.S. DISTRICT COURT

2011 MAR 24 A 10: 14

DISTRICT OF UTAH

BY:_____
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC WEBWORKS, INC., a Nevada corporation, BLOOSKY INTERACTIVE, LLC, a California limited liability company; CRUSH, LLC, a Utah limited liability company; HYPER INTERACTIVE MEDIA, LLC, a Utah limited liability company; SEARCH 4 PROFIT, LLC, a California limited liability company; VIABLE MARKETING CORP. d/b/a VIEW MARKETING AND WEBMONEY TRAINING VIEW MARKETING, INC.; 1021018 ALBERTA LTD, a Numbered Alberta Canadian Corporation, d/b/a JUST THINK MEDIA, ONLINE CASH SUCCESS KIT, QUICK PROFIT KIT, JDW MEDIA and EDIRECT SOFTWARE; and DOES 7-50,<br><br>Defendants. | **Case No. 2:09-cv-1068-BSJ**<br><br>[~~PROPOSED~~] **STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AGAINST DEFENDANTS BLOOSKY INTERACTIVE, LLC; 1021018 ALBERTA LTD D/B/A JUST THINK MEDIA, ONLINE CASH SUCCESS KIT, QUICK PROFIT KIT, JDW MEDIA AND EDIRECT SOFTWARE; CRUSH, LLC; HYPER INTERACTIVE MEDIA, LLC; AND SEARCH 4 PROFIT, LLC**<br><br>**Judge Bruce S. Jenkins** |

#56927 v5 saf

Plaintiff Google Inc. ("Plaintiff" or "Google") filed its Complaint in this action against Defendant Pacific WebWorks, Inc. ("Pacific WebWorks") and Does 1-50 (collectively, "Defendants"). Google subsequently filed a First Amended Complaint that, among other things, identifies Bloosky Interactive, LLC ("Bloosky"), and is filing herewith a Second Amended Complaint that, among other things, identifies Crush, LLC ("Crush"); Hyper Interactive Media, LLC ("Hyper Interactive"); Search 4 Profit, LLC ("Search 4 Profit"); Viable Marketing Corp. d/b/a View Marketing and WebMoney Training View Marketing, Inc. ("Viable"); and 1021018 Alberta Ltd., d/b/a Just Think Media, Online Cash Success Kit, Quick Profit Kit, JDW Media, and eDirect Software (collectively "Just Think Media") as Doe Defendants. Collectively, Bloosky, Crush, Hyper Interactive, Search 4 Profit, Viable and Just Think Media are referred to herein as the "Stipulating Defendants."

1. Google and the Stipulating Defendants have now agreed to entry of this Stipulated Final Judgment ("Judgment") and Order for Permanent Injunction ("Order") by the Court to resolve all matters in dispute in this action solely against the Stipulating Defendants and the entities listed below along with those entities' respective officers, all of whom are alleged by Google to have been acting in concert or participation with one or more of the Stipulating Defendants and have stipulated to entry of this Judgment and Order. Accordingly, Google, the Stipulating Defendants, and the individuals and entities listed below (collectively "the Parties") hereby stipulate and agree, and the Court, finding good cause to exist, hereby ORDERS, ADJUDGES AND DECREES, as follows:

2. On December 7, 2009, Google filed its Complaint in this action in this Court. In its Complaint, Google alleged causes of action against Pacific WebWorks and Doe Defendants

2

#56927 v5 saf

for willful trademark infringement of federally registered trademarks and service marks, federal unfair competition, false designation of origin and federal dilution by tarnishment in violation of the Lanham Act; violation of the Utah Unfair Competition Act and Utah Consumer Sales Practices Act; and trademark dilution, trademark infringement and unfair competition under Utah state law based on the alleged infringing use of Google's name and trademarks.

3. On May 17, 2010, Google filed its First Amended Complaint in this action in this Court. In its First Amended Complaint, Google named Bloosky as Doe 1 and alleged causes of action against Bloosky for willful trademark infringement of federally registered trademarks and service marks, federal unfair competition, false designation of origin and federal dilution by tarnishment in violation of the Lanham Act; violation of the Utah Unfair Competition Act and Utah Consumer Sales Practices Act; and trademark dilution, trademark infringement and unfair competition under Utah state law based on its infringing use of Google's name and trademarks.

4. On June 2, 2010, this Court entered a Stipulated Final Judgment and Order for Permanent Injunction against Pacific WebWorks, pursuant to which Google's causes of action in its Complaint against Pacific WebWorks were dismissed with prejudice (although Bloosky filed a third-party complaint against Pacific WebWorks, among others, on July 16, 2010).

5. On February 23, 2011, Google filed its Second Amended Complaint in this action in this Court. In its Second Amended Complaint, Google named Crush, LLC; Hyper Interactive Media, LLC; Search 4 Profit, LLC; Viable; and 1021018 Alberta Ltd., d/b/a Just Think Media, Online Cash Success Kit, Quick Profit Kit, JDW Media, and eDirect Software as Doe Defendants 2-6 and alleged causes of action against them for willful trademark infringement of federally registered trademarks and service marks, federal unfair competition, false designation

3

#56927 v5 saf

of origin and federal dilution by tarnishment in violation of the Lanham Act; violation of the Utah Unfair Competition Act and Utah Consumer Sales Practices Act; and trademark dilution, trademark infringement and unfair competition under Utah state law based on their alleged infringing use of Google's name and trademarks.

6. This Court has jurisdiction over the subject matter of this case and the Parties to this action.

7. Google owns several U.S. federal trademark registrations for the GOOGLE word mark, including U.S. Reg. Nos. 2,806,075; 2,884,502; 2,954,071; and 3,570,103. Google also owns a U.S. federal trademark registration for its GOOGLE logo, Reg. No. 3,140,793, as well as eight pending U.S. federal trademark applications and one U.S. federal trademark registration for marks that include the word GOOGLE (Serial Nos. 77/082,272;77/764,401; 77/835,616; 77/831,323; 78/433,507; 78/698,285; 78/828,042; 78/941,798; and Reg. No. 3,725,612). In addition, Google owns a U.S. federal trademark registration, U.S. Reg. No. 2,794,616, for the mark ADWORDS in connection with "dissemination of advertising for others via the Internet." All the foregoing marks are collectively referred to herein as "Google Marks."

8. The Parties agree that Plaintiff's GOOGLE trademark has become famous.

9. The permanent injunctive provisions of this Judgment and Order apply to:

    A. Defendant Bloosky, its owners and/or principals, and to those acting in active concert or participation with Bloosky who have or receive actual notice of this Judgment and Order, as well as all their respective officers, agents, servants, employees, legal representatives, successors-in-interest, assigns, and any other persons, firms, corporations or related organizations

4

#56927 v5 saf

acting by or under their authority, in active concert or privity or in participation with any of the foregoing and who receive actual notice of this Judgment and Order by personal notice or otherwise;

B. Defendant Just Think Media, its owners and/or principals, including but not limited to Jesse Willms, and to those acting in active concert or participation with Just Think Media who have or receive actual notice of this Judgment and Order – including but not limited to Farend Services Limited; 1016363 Alberta Ltd.; and 1524948 Alberta Ltd., d/b/a Terra Marketing Group – as well as all their respective officers, agents, servants, employees, legal representatives, successors-in-interest, assigns, and any other persons, firms, corporations or related organizations acting by or under their authority, in active concert or privity or in participation with any of the foregoing and who receive actual notice of this Judgment and Order by personal notice or otherwise;

C. Defendants Crush, Hyper Interactive and Search 4 Profit, their owners and/or principals, and to those acting in active concert or participation with any of them who have or receive actual notice of this Judgment and Order, as well as all their respective officers, agents, servants, employees, legal representatives, successors-in-interest, assigns, and any other persons, firms, corporations or related organizations acting by or under their authority, in active concert or privity or in participation with any of

5

#56927 v5 saf

the foregoing and who receive actual notice of this Judgment and Order by personal notice or otherwise;

D. Defendant Viable, its owners and/or principals and to those acting in active concert or participation with Viable who have or receive actual notice of this Judgment and Order as well as all their respective officers, agents, servants, employees, legal representatives, successors-in-interest, assigns, and any other persons, firms, corporations or related organizations acting by or under their authority, in active concert or privity or in participation with any of the foregoing and who receive actual notice of this Judgment and Order by personal notice or otherwise;

E. All of the individuals and entities referenced in this Paragraph 9 are referred to herein as the "Enjoined Parties."

10. The Enjoined Parties are hereby **permanently** enjoined and restrained from directly or indirectly doing any of the following:

A. using in any manner the term GOOGLE, any of Plaintiff's Google Marks, or any terms phonetically or confusingly similar thereto in connection with the marketing, selling, offering for sale, displaying, promoting, or advertising of work-at-home business opportunities, work-at-home products, and/or work-at-home services;

B. using in any manner the term GOOGLE, any of Plaintiff's Google Marks, or any terms phonetically or confusingly similar thereto in any company name and/or domain name;

6

#56927 v5 saf

    C.    making any false representation, or performing any act or thing likely to induce the mistaken belief, that Google has in any way approved or is affiliated with, connected to or associated with any of the Enjoined Parties or their products and services;

    D.    performing any act or thing likely to tarnish or dilute the distinctive quality of Plaintiff's Google Marks;

    E.    registering or seeking to register with any foreign or domestic, state or federal agency, including, but not limited to, the United States Patent and Trademark Office ("USPTO"), any of Plaintiff's Google Marks as a trademark, company name or domain name, or any other mark, company name or domain name that contains any of Plaintiff's Google Marks or is phonetically or confusing similar (*e.g.*, G00gle); and

    F.    challenging or assisting others in challenging, either directly or indirectly, the enforceability, validity and/or ownership of any of the Google Marks in any U.S. court (state or federal) or other tribunal in the world, including, but not limited to, the USPTO, unless such a challenge is raised in defense of a subsequent lawsuit brought by Google against one or more of the Enjoined Parties.

11.    Judgment is hereby entered against the Stipulating Defendants in the amount of $1.6 million, which has been paid or is payable to Google pursuant to the terms of separate settlement agreements between Google and each of the Stipulating Defendants, which, *inter alia*, specify the exact amounts and timing of the payments by each Stipulating Defendant.

#56927 v5 saf

12. If, upon motion by Google, this Court or another court of competent jurisdiction finds that any Stipulating Defendant(s) has or have violated any of the terms of this Judgment and Order or of the settlement agreement(s) executed between Google and that Stipulating Defendant or Defendants, then the full amount of any suspended payments specified in the settlement agreement(s) executed between Google and that Stipulating Defendant or Defendants shall immediately become due and payable – in the amount set forth in said settlement agreement(s) – by the Stipulating Defendant or Defendants who is or are found to have violated the terms of this Judgment and Order or of the settlement agreement executed between Google and that Stipulating Defendant or Defendants; *provided, however,* that in all other respects this Judgment and Order shall remain in full force and effect unless otherwise ordered by this Court; and, *provided further* that proceedings instituted under this Paragraph 12 would be in addition to, and not in lieu of, any other civil remedies as may be provided by law, including any other proceedings that Google may initiate to enforce this Judgment and Order. For purposes of this Paragraph 12 and only in an action to enforce this Judgment and Order or any of the settlement agreements between Google and any of the Stipulating Defendants – and not for purposes of any other action, proceeding, dispute or other matter – the Stipulating Defendants waive any right to contest any of the allegations in the Complaint, First Amended Complaint or Second Amended Complaint.

13. The Enjoined Parties are hereby further permanently enjoined from using all work-at-home materials and/or work-at-home advertising literature (whether in electronic or written form) that reference Plaintiff's Google Marks or any mark or term confusingly similar thereto (*e.g.*, G00gle) in any manner and are within the Enjoined Parties' possession, custody, or

8

control, including, but not limited to, web pages, e-mails, or other types of advertising. The Enjoined Parties shall not transfer any of said materials and advertising literature to any third party for any of the Enjoined Parties' or any third party's commercial gain.

14. Any violation of this Judgment and/or Order by any of the Enjoined Parties shall cause Google irreparable harm, entitling Google to an immediate injunction against the Enjoined Parties in violation of this Judgment and/or Order to cease all actions causing said violation.

15. The prevailing party shall be awarded its reasonable attorneys' fees and all costs incurred in enforcing any provision set forth in this Judgment and Order or defending against any claim of violation of any provision set forth in this Judgment and Order.

16. The Parties enter into this Judgment and Order freely and without coercion and acknowledge that they understand all of the provisions of this Order and are prepared to abide by them.

17. Except as provided in Paragraph 12, the Enjoined Parties' agreement to entry of this Judgment and Order shall not be construed as an admission a) that any allegations set forth in Google's Second Amended Complaint (or any preceding complaint) are true and accurate, or b) that any Enjoined Party has acted, or ever was acting, in concert or participation with any other Enjoined Party.

18. Except as provided in Paragraphs 11-12 and 15, each Party to this Judgment and Order shall bear its own costs and attorneys' fees incurred in this action.

19. This Judgment and Order shall inure to the benefit of each Party and their successors and assigns.

20. For a period of five (5) years from the date of entry of this Judgment and Order, the Enjoined Parties shall deliver copies of this Judgment and Order to all principals, officers, directors and managers of the Enjoined Parties, and to all of the Enjoined Parties' respective employees, agents and representatives. For current personnel, delivery shall be within five (5) days of service of this Judgment and Order upon the Enjoined Parties. For new personnel, delivery shall occur prior to assuming their responsibilities with one of the Enjoined Parties.

21. Google's causes of action in its First Amended Complaint against Bloosky and in the Second Amended Complaint against Bloosky, Just Think Media, Crush, Hyper Interactive, Search 4 Profit and Viable are hereby dismissed with prejudice as to Bloosky, Just Think Media, Crush, Hyper Interactive, Search 4 Profit and Viable only. Google also hereby dismisses without prejudice all causes of action in its Second Amended Complaint against Does 7-50.

22. Bloosky's Third-Party Complaint against Pacific WebWorks remains in effect.

23. This Court shall retain jurisdiction over this matter for purposes of modification and enforcement of this Judgment and Order.

DATED this **24th** day of March 2011.

BY THE COURT:

Bruce S. Jenkins
United States District Court

#56927 v5 saf

Accepted and agreed to at the hearing this 21st day of March 2011.

BY: /s/ Craig Buschmann
    HOLME ROBERTS & OWEN LLP
    Roger R. Myers (*Pro Hac Vice*)
    Scott R. Bialecki (*Pro Hac Vice*)
    George M. Haley, #1302
    Blaine J. Benard, #5661
    Craig Buschmann, #10696

    Attorneys for Plaintiff GOOGLE INC.

BY: /s/ Blaine C. Kimrey
    LATHROP & GAGE LLP
    Blaine C. Kimrey (*Pro Hac Vice*)
    Travis W. McCallon (*Pro Hac Vice*)
    Bryan K. Clark (*Pro Hac Vice*)

    Attorneys for Defendant BLOOSKY INTERACTIVE, LLC

*(Signed by Filing Attorney with permission of Bloosky Interactive, LLC's attorney)*
/s/ Blaine J. Benard

BY: /s/ Karl Kronenberger
    KRONENBERGER BURGOYNE, LLP
    Karl Kronenberger (*Pro Hac Vice pending*)

    Attorneys for Defendant 1021018 ALBERTA LTD., D/B/A JUST THINK MEDIA, ONLINE CASH SUCCESS KIT, QUICK PROFIT KIT, JDW MEDIA, AND EDIRECT SOFTWARE

BY: /s/ David Kono
    BENNET TUELLER JOHNSON & DEERE
    David Kono, #8770

    Attorneys for Defendants CRUSH, LLC, HYPER INTERACTIVE MEDIA, LLC, and SEARCH 4 PROFIT, LLC

BY: /s/ Jeff Ifrah
    IFRAH PLLC
    Jeff Ifrah (*Pro Hac Vice*)

    Attorneys for defendant VIABLE MARKETING CORP, D/B/A VIEW MARKETING AND WEBMONEY TRAINING VIEW MARKETING INC.

#56927 v5 saf

| | |
|---|---|
| GOOGLE INC. | BLOOSKY INTERACTIVE, LLC |
| By: /s/ Timothy Alger<br>Timothy Alger<br>Title: Deputy General Counsel | By: /s/ Matt Cook<br>Matt Cook<br>Title: Chief Executive Officer |

1021018 ALBERTA LTD., D/B/A JUST THINK MEDIA, ONLINE CASH SUCCESS KIT, QUICK PROFIT KIT, JDW MEDIA, AND EDIRECT SOFTWARE

By: /s/ Jesse Willms
    Jesse Willms
Title: Chief Executive Officer

CRUSH, LLC

By: /s/ Jason Brailow
    Jason Brailow
Title: President, TMP Nevada, Inc.
    Managing Agent for Crush, LLC

HYPER INTERACTIVE MEDIA, LLC

By: /s/ Jason Brailow
    Jason Brailow
Title: President, TMP Nevada, Inc.
    Managing Agent for Hyper Interactive Media, LLC

SEARCH 4 PROFIT, LLC

By: /s/ Jason Brailow
    Jason Brailow
Title: Authorized Agent

VIABLE MARKETING CORP, D/B/A VIEW MARKETING AND WEBMONEY TRAINING VIEW MARKETING INC.

By: /s/ Chad Elie
    Chad Elie
Title: Chief Executive Officer

#56927 v5 saf

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2011, I caused a true and correct copy of the **[PROPOSED] STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AGAINST DEFENDANTS BLOOSKY INTERACTIVE, LLC; 1021018 ALBERTA LTD D/B/A JUST THINK MEDIA, ONLINE CASH SUCCESS KIT, QUICK PROFIT KIT, JDW MEDIA AND EDIRECT SOFTWARE; CRUSH, LLC; HYPER INTERACTIVE MEDIA, LLC; AND SEARCH 4 PROFIT, LLC** to be served as follows:

| | |
|---|---|
| Robert E. Mansfield<br>SNELL & WILMER LLP<br>15 West South Temple<br>Suite 1200<br>Salt Lake City, UT 84101<br><br>Attorneys for Pacific Webworks, Inc. | _____ U.S. Mail, postage prepaid<br>_____ Hand Delivery<br>_____ Facsimile<br>_____ Overnight courier<br>__X__ E-Mail and/or CM/ECF |
| Blaine C. Kimrey *(Pro Hac Vice)*<br>Travis W. McCallon *(Pro Hac Vice)*<br>Bryan K. Clark *(Pro Hac Vice)*<br>LATHROP & GAGE LLP<br>100 N. Riverside Plaza<br>Suite 2100<br>Chicago, IL 60606 | _____ U.S. Mail, postage prepaid<br>_____ Hand Delivery<br>_____ Facsimile<br>_____ Overnight courier<br>__X__ E-Mail and/or CM/ECF |

Blair R. Jackson
CHRISTIANSEN & JACKSON, PC
10421 S. Jordan Gateway, Ste. 600
South Jordan, UT 84095
blair@cjlawnv.com

Attorneys for Bloosky Interactive, LLC.

#56927 v5 saf

| | |
|---|---|
| David Kono<br>BENNETT TUELLER JOHNSON & DEERE<br><br>Attorney for Crush, LLC;<br>Hyper Interactive Media, LLC;<br>Search 4 Profit, LLC. | ____ U.S. Mail, postage prepaid<br>____ Hand Delivery<br>____ Facsimile<br>____ Overnight courier<br>_X_ E-Mail and/or CM/ECF |
| A. Jeff Ifrah *(Pro Hac Vice)*<br>IFRAH PLLC<br><br>Attorney for Viable Marketing Corp., d/b/a/<br>View Marketing and WebMoney Training<br>View Marketing, Inc. | ____ U.S. Mail, postage prepaid<br>____ Hand Delivery<br>____ Facsimile<br>____ Overnight courier<br>_X_ E-Mail and/or CM/ECF |
| Karl Kronenberger *(Pro Hac Vice)*<br>KRONENBERGER BURGOYNE, LLP<br><br>Attorney for 1021018 Alberta Ltd., d/b/a Just Think Media, Online Cash Success Kit, Quick Profit Kit, JDW Media and eDirect Software | ____ U.S. Mail, postage prepaid<br>____ Hand Delivery<br>____ Facsimile<br>____ Overnight courier<br>_X_ E-Mail and/or CM/ECF |

By: /s/ Sherice L. Atterton

#56927 v5 saf